first case would you call that one please the first case for argument this morning Thursday February 15th 2018 is 1713 27 district of Minnesota United States vs. Sienemah Gaye 1713 47 district of Minnesota United States vs. Fennel Philly and 1714 96 district of Minnesota United States vs. Prince of Mosul all right mr. DeVore good morning and may it please the court thank you for giving me an opportunity to speak with you this morning I wanted to take my five minutes to hit on a few we submit that the district court made clear error when it gave a two-point enhancement for sophisticated means in the sentence of Sienemah Gaye the evidence in the case indicated that the true leader James Capehart actually recruited mr. Gaye and because he knew how to run a computer the extent of his knowledge in this case had to do with how to print checks off of a computer checks that were paper that was provided to him by mr. Capehart and a program that was purchased at the office max store by mr. Capehart was given to mr. Gaye to use on a computer the the standard of analysis or the the the way to analyze the case for the court is to to look at whether or not there was a complex or especially intricate systems in place to conceal or to execute this type of an offense as it pertains to my particular client mr. Gaye many of these many of the work much of the work that he did was done either at his mother's kitchen on her computer or later in the basement of mr. Capehart's home is the duration of this game your honor Mike my clients involvement started in 2007 or eight so his involvement was approximately seven or eight years your honor and I believe that was the repetition of the yes as far as involvement your honor my client admitted that he was involved and and probably did better than a thousand transactions your honor so he was looked at and and used quite frequently by mr. Capehart but as it relates specifically to the sophisticated means analysis and looking at the intricacy of it in my clients involvement it was a matter of just simply taking information that was provided to him and then plugging it into a program and printing out some checks there is very little information indicate that he actually utilized or did any kind of changing of any programs or anything like that it was simply just a program they purchased at the store this wasn't a one-man operation though it wasn't there was coordination between the various defendants who were had their tasks to complete the full scheme that's correct that leads me into the role analysis your honor which if I may believe as well the court is imposed a four cent four-point enhancement the court for level four level I'm sorry yeah my apologies the court had the opportunity to order zero two three or four levels and they chose to order for again looking at the analysis of the court the court should look at the defendants role whether or not he recruited accomplices and the extent of his involvement in the planning and organizing of the scheme I hit on a few things on the planning and organizing we submit that mr. Gay was simply a somebody that received information plugged it into the computer and printed out checks his recruitment there is indication of some minimal recruitment but those were what I call low-lying fruit your honor and those would be people that he knew that were looking for work people that wanted to make money and he simply introduced them into the system but it wasn't a an active recruiting process on behalf of my client so I think the court the district court had the opportunity to impose a lower level enhancement in this particular under the role enhancement what's our review standard for I believe that is a clear area and then with respect to the obstruction of justice I believe that as well as a clear error analysis I will just submit to the court that there was no threats that were actually made and in reviewing the transcript and the and listening to the telephone conversation in response to being to my client being told that somebody had talked to defendant Gabor my client's response was simply okay the government provided nothing to the district court to indicate that my client actively sought out to interfere with another defendant's testimony in the case and so we believe that adding a two-point enhancement to level enhancement I'm sorry it was inappropriate of the district court so and I believe I'm out of time thank you when you say the response was okay are you referring to text messages or conversation it was a conversation your honor and his response was the word okay thank you thank you mr. DeVore mr. Altman may please the court your honor your honors I've selected one issue to argue before you today and asking behalf of perhaps many people for some guidance from this court about the preponderance of the evidence standard that applies that is the government's burden of persuasion and calculating the amount of loss unfortunately the when we talk about the preponderance we we phrase it in terms of only a preponderance of the evidence and well that's in contrast to higher standards that would take considerably more doesn't mean that it's not a significant amount it just means it's less than the higher standard that's correct and and it it is not a toothless tiger it it must mean something let me set the table for you here your honors in this case my my client entered a straight plea to four substantive counts one conspiracy count four substantive counts were all in the spring and early summer of 2013 there was the case was hotly litigated and at a certain point in time judge to tune to and I'm decided that he wanted to have an evidentiary hearing on on the my co-defendants were were also at this hearing and in connection with my client mr. sumo so the government put forward a schedule in in exhibit six to this evidentiary hearing and authenticated it in this manner quote this is some agent speaking about this exhibit six quote this is the last schedule that we prepared during the time frame in which we believe mr. sumo so was involved in the conspiracy and this is also sorted by date now it's interesting if you review the this evidentiary hearing transcript that same exact formulation it is also a scribe to the schedules of his co-defendants so there was there was some scripting of this now this this exhibit six had fifteen hundred and fifty seven entries and and calculated about seven hundred and seventy thousand and change in an actual loss my client mr. sumo so was tied to six of these fifteen hundred and fifty seven entries the four transactions which tied into the substantive bankrupt bank fraud counts that he pled guilty to the ones that were that occurred in in in may and june and july of two thousand and thirteen and also two others which are which are actually scheduled out the only the only the only two that I found he was even mentioned by name and I and exhibited that is as exhibit two and in the addendum now these these particular entries were for a transactions in two thousand and seven and two thousand and eight so their own exhibit has got a hiatus between two thousand and seven and two thousand and thirteen and we know why because mr. sumo so wasn't around he was in and North Dakota and he was also and I believe in Worthing in Minnesota for a time this was this was corroborated in the seat of the PSI and as a matter of fact the the court at the time of sentencing stated that he was sometimes in and sometimes out of the conspiracy now while we understand that the preponderance standard may not be a high bar it's not it's not a low one either and what are you supposed to do with it with an exhibit like this that's authenticated based upon the belief of the agent and and and corroborates the objection made to it there there was I actually looked that up yesterday there was no objection made by so the reviews player normally I would say yes but the the the record is peppered with objections about the amount of loss made by mr. wolf who was trial counsel for mr. sumo so he sets that out in his position on sentencing the the the the objection is also lodged in the in the pre-sentence investigation report at the end there and I believe there may have been some other briefing so well is your argument that the government didn't prove what was in the exhibit or is your argument that your client should only be accountable for his own specific transactions that that ultimately is the argument the latter the latter well what do you do with the relevant conduct guideline in the law this isn't a preponderance question this is a legal question he's accountable for all acts of the jointly undertaken activity that are reasonably foreseeable to him and taken in furtherance of the activity well and which is the correct standard but but when you're not around I I don't know you know how you can reasonably foresee anything well there was evidence that some of these transactions showed on a cell phone that was found in his possession not you don't have to be physically present to be able to be involved that could be but but he was also quite a ways away I mean Fargo and Worthington distance is not the criteria is it probably not your honor well be one thing if he I thought you said he was in and out meaning he would go for a Fargo then he'd come back I think so if the judge found well he was in and out but it was reasonably foreseeable to him that the conspiracy was ongoing even when he was out of town say why would that be clear air well because for one thing because they're there the government's proof doesn't the proof in terms of the transactional proof doesn't go to mr. sumo so when he's not around it's okay it's not there thank you thank you very much wrong miss McCauley good morning may it please the court counsel my name is Jennifer McCauley and I represent the appellant phenol Philly I'd like to focus my time on on the loss amount issue that's an issue that's shared by all three of the appellants here and we were able to discuss a little bit about the preponderance standard the court mentioned the relevant conduct guideline and much of the evidence that the government sought to admit mostly through this summary exhibit with really virtually no foundation most of it was brought in that relevant conduct guideline I still wasn't clear whether you and your colleagues are saying because there was insufficient foundation the amounts in the exhibit are not proved or whether you're just saying yes they were proved but they shouldn't be attributed to my client they weren't proved and they should not be they are not connected to the conspiracy or to the defendants that were at this sentencing hearing I think we would in the event that this case had gone to trial then the government would be would have introduced this evidence to prove the conspiracy and that evidence would be then before the court but just because we didn't have a trial doesn't mean we can skip that step when we come to sentencing and that's what it appears happened there really is just a dearth of evidence that comes in that connects the people and the way that what objections how was this brought to the attention of the district court in very in various I think in all of the defendants sentencing pleadings position pleadings and objections to the PSR these objections were made particularly when the the enhanced loss amount came to everyone's attention for the first time in this PSR the indictment references for the aggregate amount of loss for all of the defendants something like a hundred and fifty thousand dollars or thereabouts the amount that that my clients expert witness was able to adduce at trial for for an actual loss was closer to forty thousand dollars so the amounts that are out there really really vastly different than the evidence that anybody could possibly pull from this record but the relevant conduct guideline is interpreted by the district court in and by the approach I think that's advanced by the government here which is a very liberal approach that it's almost as if there's some connection somewhere then it would be enough for this conduct to come in under the guideline and that was how all of this evidence with virtually no foundation was glommed on to the actual loss and attributed to these defendants I would direct the court's into the fact that the focus for the purposes of relevant conduct is on each individual defendants criminal undertaking and the loss foreseeable in light of that particular undertaking so we're not looking at for loss about for the relevant conduct and loss amount purposes all of the conduct in the conspiracy we are laser focused on the the conduct that had something to do with each defendant they cannot and will note all three of the defendants here were held to be attributable to this significantly enhanced loss that's attributable to this summary charge relation I'm sorry effective the stipulation on the agreement yes okay well my client's case is a little bit different because he moved to he asked the court to withdraw from his plea agreement the district court in that hearing inquired of him you know what sentencing stipulations that were included in his plea agreement and the discussion that he had with the district court on the record clarified that he would be permitted the way the court phrased is these are sentencing stipulations the district courts not bound by these sentencing stipulations and therefore you are free to and open and it's okay for you to argue for a lesser amount now the sentencing stipulation the amounts that are in the agreement will matter for the purposes of restitution there's a constitutional concern there because if we go over the amount that's that he agrees to there which was something like 400,000 for yeah I don't know off the top of my head something around that range but less than seven less than what he's actually been cited to there's a Sixth Amendment concern and to that end I know that the when my client tried to withdraw from his guilty plea in that plea agreement that he repudiated that amount but that assumes that the Sixth Amendment protects the government in the same way that it protects a defendant the Sixth Amendment concern is for the defendants right to be able to bring his case to the court and to have sufficient evidence adduced to support that amount that the concern is not for the government's burden or shifted burden when the court allows the defendant to argue the sentencing stipulations despite his plea agreement and I think the most important part in this I think that restitution and the loss amount kind of come together here because the court did adopt the same amount for actual loss amount for sentencing enhancement purposes and for restitution and we know that those amounts came off of this summary chart that the evidence that was adduced at the sentencing hearing as it relates to the as it relates to that is it's so slim that it's sort of I mean that the testimony that we had from the special agent on the case was did you personally review every check I did did you confirm the checks and the schedules had the right amounts yes in the intended and actual losses yes and that they are connected to the conspiracy gigantic legal conclusion here being made by the the case agent yes they're connected to the conspiracy that's our evidence that's the evidence that connects this for relevant conduct purposes or for enhancement purposes and as it relates to my client and the other two defendants here that's simply not enough I'd ask to reserve the remainder of our time for rebuttal well did you have time to cross I'm sorry you have time to cross-examine I wasn't trial counsel um so did we have time to cross-examine the case agent I'm certain that we did I don't have the entire transcript in front of me but I will take a look at that thanks your honor Thank You mrs. McCauley. Mr. Ginrich. May it please the court and good morning your honors good morning counsel David Ginrich on behalf of the United States your honors I'd like to take the issues in roughly reverse order from the way they were presented to you this morning and start with loss amount given it is common to all three appellants and then work backwards from there with respect to loss amount I'd just like to take perhaps a half a step back and and discuss the framework that applies to jointly undertaking criminal activity for purposes of relevant conduct there is no question here that each of these defendants participated in a conspiracy there's no question that they each by virtue of their plea agreement admitted that the plea that the conspiracy extended from at least 2007 until 2013 and there's no part or no question that given they all pled to the indictment that they admitted to what the nature and scope of this conspiracy was with respect to example manufacturers runners recruiters bank insiders being involved in the conspiracy what matters for guidelines purposes is once you have jointly undertaken criminal activity and every single appellant here admitted that they engaged in jointly undertaken criminal activity what does the district court look to to decide what the relevant conduct losses are and as this court knows it's a it's a three-pronged standard or test what was the scope of jointly undertaking criminal activity by the particular defendant was that activity in furtherance of the conspiracy and was it reasonably foreseeable from the defendants vantage point that the relevant conduct losses would accrue as a result of the conspiracy that was the question before the district court and that question was not answered merely by submission of a chart the contested evidentiary hearing in this case was over 200 pages of trial of court transcript there were something like 80 or 90 exhibits admitted by the government it was not limited to three lines of a transcript with conclusory summation by a case agent this case is far from that it was a detailed and extensive evidentiary hearing to judge Murphy's question the agents absolutely were cross-examined and in fact one or more the defendants put their own witnesses on at this hearing the district court had had an ample factual basis here to draw the conclusions that did and they certainly were not clearly erroneous under the preponderance the evidence standard on the chart council said earlier or suggested I guess you could say that the only evidence showing that all of the transactions were part of the conspiracy was the agent saying they were all connected to the conspiracy now you said there were 90 exhibits but I gather you didn't introduce the underlying documents as each transaction on the chart no your honor and certainly as the court knows for a summary chart purpose particularly one that's unobjected to not not all of the underlying documents need be admitted but if I could explain what the government did present at the sentencing evidentiary hearing that would satisfy the district court that its factual findings were were sound the government presented in its evidence and it's this is summarized in the often a summary chart is offered after the underlying evidence is offered this sounds like the summary chart was offered without the underlying evidence so why don't you go ahead and explain how all the items on the chart were proved thank you your honor and and as to the sequence of its admission I'm not sure whether it was admitted at the beginning or the end of the hearing but it certainly was admitted in the context of a hearing again that was at least half a day maybe more and I was speaking to the sequence sure okay is the fact that it's usually in conjunction with the underlying evidence so what what the underlying evidence demonstrated with respect to each of these defendants joint undertaking that is the scope of the activity they they undertook was that for example with demonstrated firstly talk about the nature of the evidence which I think is responsive in part to the court's evidence what what the government demonstrated by exhibits and testimony was that the agents in this case executed search warrants where they gathered computers cell phones documents from the cars and residences of various defendants they conducted trash pulls while the investigation was active from which they recovered check stock checks that had been used in the conspiracy facsimile signatures of victims names checks that have been ripped up in the course of manufacturing they conducted surveillance at the residences of participants in the conspiracy including mr. gay and mr. Philly mr. Somoza was seen at those residences with the conspirators and admitted in connection with that evidence a statement of mr. candidate is a co-defendant who attended those meetings and indicated that at those meetings part of the scope of jointly undertaking criminal activity discussed were things like giving up the proceeds the reliability of co conspirators and the use of runners and the timing of various transactions there was also underlying documentation documentation admitted as to some of the transactions certainly not all 1,500 that were involved in this can conspiracy and as the agents testified the reason a particular transaction was chart related to identification of the runner as being involved in the conspiracy and using transactions associated with that runner identification of accounts that had been used by gay Philly and others to manufacture checks and tracing the losses to those accounts and many and identification of co conspirators and bank insiders who had compromised account information and what you're just describing there which I actually can't recall the name it was the first that the government called two case agents I believe the IRS agent was Shannon corporate it would have been the other agent whose name I don't recall I apologize your honor it would have been the first witness called by the government you're saying that agent went through what you just described as to how they decided to include transactions on the chart absolutely your honor and in fact there's explicit testimony from the government that they did that what was not included on the last chart were transactions that for example a runner might have conducted one of the runners in the conspiracy might have conducted a fraudulent check transaction but if that could not be linked to the conspiracy via account number a recruiter bank insider manufacturer than it wasn't included it wasn't enough quote-unquote merely that a that a runner identified as part of the conspiracy negotiated a check there had to be other connections to the conspiracy and that's testified to explicitly during the hearing and what this is meant to inform what this evidence is meant to inform once you have the defendants involved in the conspiracy is whether all of the losses during their period of activity are attributed attributable them under relevant conduct principles and as this court knows that extends well beyond whether they individually conducted any particular transaction indeed that's what animates relevant conduct the inquiry is did they undertaken a joint criminal activity that for each of them made it reasonably foreseeable that the conspiracies losses as a whole should be attributable to them now the government and the district court took a considered approach in this case 25 defendants pled guilty as part of the same indictment that that Mr. Gay Philly and 24 pled to conspiracy to commit bank fraud of those only seven or eight were were held accountable for losses that spanned their participation in conspiracy under jointly undertaken relevant conduct principles the runners for example were only held accountable for the losses attributable to their particular transactions because the runners standing at the bottom of the activity as do Philly Gay and Samosa operating as manufacturers recruiters and supervisors of others in the conspiracy the bank insiders in this conspiracy were only held accountable for the losses attributable to the particular bank accounts that they compromised and handed over to the conspiracy the recruiters were only held accountable for the fraudulent transactions attributable to those individuals that that were linked to that they had recruited and people could not reasonably foresee that the conspiracy was larger than their own conduct it was arguably your honor conservative approach but I think consistent with the commentary in the guidelines and here's why the commentary in the guidelines on the scope of undertaking criminal activity for example in the drug context one of the examples is I think significant other or girlfriend of a let's characterize it as the drug kingpin and what the commentary says is that person may know that their drug kingpin significant other is engaged in trafficking huge amounts of drugs but that spouse or significant other only undertakes a to deliver one shipment and what the commentary says is that drug runner is only liable for one shipment because that was the extent of the scope of that person's activity even if it was foreseeable that the conspiracy was engaging in other activity and Mr. Philly and his brief sites from from this court's precedent this court's authority for that principle that it's not enough that you could foresee that the conspiracy was active in this area you've got to the scope of the jointly undertaken criminal activity has to be something that you have a vantage point on with respect to reasonable foreseeability but also be consistent with what you actually undertake and that's why these gradations or these differentiations were made by the district court consistent with the government's submission to the district court in this case and and let me turn it on its head there's there's really there's really a theme I think through all three of the of the appellant's briefs that what the government did here was misapprehend the law that the government thought once someone is participates in a conspiracy that they're accountable for all the losses and that other than three or four lines in the in the contested evidentiary hearing transcript the government just assumed that each of their clients was accountable for everything because they were involved in the conspiracy and what the record reveals is that that was not the approach taken by the district court or the government not everyone who pled guilty to conspiracy to commit bank fraud the same conspiracy that these three appellants pled to was held accountable for all of the conspiracies losses rather the district court in the government applied the three-part test that applies to jointly undertaking criminal activity and focused like a laser on each individual defendants scope and vantage point and role in the conspiracy that's why the transcript is as detailed as it is that's why the nature of the exhibit span trash pulls search warrants surveillance text messages proffer or statements of witnesses including runners as well as direct evidence related to the transactions bank account information and the like forensic evidence with respect to computers as well and those showings were all aimed at a single purpose and that was to demonstrate with respect to each of these appellants what the scope of their jointly undertaken criminal activity was and that approach was differentiated from other members of conspiracy who did not participate did not have the same scope as a set forth both in the evidentiary hearing and in the government's brief I would also if I could there is one area your honors I think I was not as helpful to the court as it could have been in the briefing I just like to refer to the court to some filings and district court that I think are helpful one of the factors in this court's precedent with respect to scope of the undertaking is to the extent of which the co-conspirators coordinated and cooperated and shared resources and benefited from their joint participation and the government covered this in some detail in the district court with respect to gay I would just refer the court to district court docket number 1292 and at pages 18 through 24 with respect to Philly I would respectfully refer the court to district court docket number 1278 and that's a government brief summarizing the sentencing evidentiary hearing trans evidence at pages 15 to 22 and as to Mr. Somoza I'd refer to the court respectfully to district court number 1277 from pages four to eight and what those what those filings demonstrate and they cite to the sentencing evidentiary hearing is that there was a coordinated effort here in other words the scope of the jointly undertaken activity was mutually reinforcing and that none of these three appellants operated in silos but rather the nature and extent of their cooperation depended on the fact that they were cooperating with with with the others including the manufacturers runners and recruiters I would like to say just a word your honors on restitution with respect to Mr. Philly Mr. Philly in the government stipulated to a restitution amount Mr. Philly then and I think repudiated is absolutely an indicates that Mr. Philly after being given lead by the district court to withdraw from his stipulations objected to restitution that's also found at page five of Mr. Philly sentencing pleading in district court Mr. Philly then asserted that the loss amount I think was south of $50,000 the district court therefore held a contested sentencing evidentiary hearing on loss given Mr. Philly's repudiation of his prior stipulated loss amount and the district court did what it was legally required to do under the restitution act which is once the district court established a restitution amount it imposed the actual loss restitution amount under the statute and if you go to the plea transcript for Mr. Phil Mr. Philly toward the end I don't have the page site I apologize the district court is clear right from the beginning that restitution depends ultimately on the factual findings that the district court makes as to loss and the district court is clear that the stipulations are not binding upon it here Mr. Philly wants the benefit of engaging in a plea agreement with the government with the sides mutually agree to a restitution amount then wants to repudiate his stipulation as to restitution but then argue that the district courts bound by the government's prior agreement which is no longer a meeting of the minds between the parties and the government would would suggest not only is there no Sixth Amendment interest but the district court certainly committed no error in imposing what it found was was the actual loss amount in this case your honor with respect to the to the arguments made by by mr. gay would like I'm sorry with respect to mr. Somoso first and this idea of loss and his participation in the conspiracy what I'd notice a factual matter is what the PSR in pages are in paragraphs I think 195 and 197 cited by mr. Somoso brief established is that mr. Somoso was absent for less than three months in 2011 and he was absent for less than three months in 2013 and that's the extent of the record with respect to mr. Somoso absence from the Twin Cities metro area during this conspiracy so there was no extended period absence and as Chief Judge Smith noted a physical absence isn't the standard and I think it's judge Carlton you noted the duration of that absence isn't the standard what is the standard the standard is once you engage in a conspiracy and the court draws conclusions about the scope of your jointly undertaking criminal activity did you withdraw from that at that activity and was it no longer reasonably foreseeable what the conspiracy was doing well in this case your honors it's it's not a matter of entering the conspiracy in 2007 leaving town and the government saying well you're accountable for everything until the conspiracy ended in 2013 what what occurred here is that mr. Somoso participated in the conspiracy beginning in 2007 which the district court found is and is acknowledged by appellant and then and participated as late as 2013 and that was documented the sentencing evidentiary hearing and it was pled to by mr. Somoso as part of his plea so this isn't initial entry and then just run you know run run the cash register through the end of the conspiracy mr. Somoso was involved at all material times in the conspiracy beginning and end 20 2007 2013 and he is not demonstrated certainly not by showing an absence for less than three months a total of less than six months over six years that he withdrew for the conduct the preponderance standard is not toothless but it was more than satisfied in this case and respectfully I think much of the appellants arguments goes no further than saying they can only be held accountable for what they individually participated in and really ignore the district courts work in conducting a contested evidentiary hearing and in receiving the exhibits of parties yes sir yes yes sir you know the agreement says that it can be used that rather the information can be used I thought ahead in front of me but it lists argument you probably remember evidence argument and representations so if the defendant objects to something in the PSR are you saying that by itself triggers the opportunity to use the your honor I think a denial in objection to the PSR is a denial of the facts at forth in the PSR and this court has used in prior cases this notion of a denial including the Al-Qaeda case cited in the government's brief if if if just how are you sure an objection is a denial as opposed to a demand that the government I think it can be I think it's a fair point your honor I think it can be characterized both ways and in fact gay in this case characterized one of his objections as I don't know the source of the information he says I deny it and I don't know the source and if I could have just a moment to respond your honor perhaps 30 seconds potential for abuse here you know if the government gets a in the proffer and then the defendant objects to it because he doesn't know where the government got it other than from him and then the government says well we can use your proffer to show it correct your honor and I suppose you're gonna say oh there was some other source for this information here but I'm still wondering whether an objection by itself is enough to allow the proffer I mean if he objects and you had other sources then you could have used the other sources to prove it up your honor I it's it's absolutely a fair question as to what the scope of an objection is in any particular case and in the way I would respond to your inquiry in the context of this case is that what gate did in this case was not just issue an objection to to the PSR and this is set forth both below in the district court and in in the in the appellant in the police brief what gay did here was explicitly deny explicitly deny that he manufactured checks participated with runners and engaged in fraudulent transactions he explicitly denied and no no and his lawyer wrote a letter and said we object to this paragraph my guy didn't do these things correct but it's that second part your honor my guy didn't go ahead he didn't the way the way at least the government is an argument not exactly so if he had just we object to this paragraph and nothing more I think it's thinking I didn't do it but he's just objecting because he knows then you have to make prove it up that would be different I think it'd be a closer case your honor much closer the record doesn't approach that it doesn't approach that in this case the defendant did not merely lodge an objection and perhaps legal effect to what he did even if somebody checks and then elaborates what's the purpose of the elaboration it's not evidence is all the legal effect is to put the government to its burden when when the district courts entitled to rely on the facts in the PSR as the court knows if there's no objection what the defendant is doing is stating his position as to the facts set forth in the PSR and in this case the things in the PSR that absolutely unequivocally he admitted to in his proper letter unequivocally the proper letter provides that the government can use it if he makes evidence argument or representations and in any time a defense counsel makes representations with respect to a PSR he's making those representations on behalf of the defendant in fact the letter the proper letter says by or on behalf of the defendant and that's what was done with respect to the PSR here okay so you're saying the objections included argument absolutely argument opened up the use of the prop absolutely and I don't have the district court docket number but if the if the I did cite it in the brief yeah yes your honor and thank you Chief Judge for the extra time I appreciate it no problem miss McCauley your rebuttal thank you your honor judge Murphy I do not have the sentencing transcript with me unfortunately but I can tell you just my recollection which is that both mr. Philly and mr. gay at least had had presented experts who went through the details of the actual evidence that came from garbage pulls or any other evidence that the government had submitted and went through forensically and said what they could potentially be connected to there was significant testimony from both both of those experts so a lot of the evidence that the government's referring to was adduced by the defendants so to that extent I don't I can't tell you exactly what happened with testimony and cross-examination but that evidence would have undermined this sort of conclusory exhibit without foundation that came in from the government I know that the government's position is that we're we're overstating our case and saying that they they're just they're asking to have everything in the conspiracy added on we're not saying that the defendant should not be responsible for the actual losses that they are connected to or that were reasonably foreseeable to them in light of the undertaking that that they were involved in they're just not automatically and I don't think the government's saying that they're automatically responsible for everything in the conspiracy the problem here is there's a lack of evidentiary nexus between evidence that has to do with other people's fraud and an individual defendant there's nothing connecting those dots and so that makes the connection doesn't fit within the relevant conduct that's the primary concern with the loss amount as it was as it was adopted by the district court unless the court has further questions from me I I see none thank you thank you counsel the court notes that counsel for the appellants in this case are serving under the Criminal Justice Act as appointed counsel and we wish to express to your gratitude for your willingness to serve in that regard thank you may be excused